## WOODRUFF vs. COX.

### In the matter of the estate of ABRAHAM H. VAN WYCK, deceased.

ON an application for the payment of a debt, where the claim has been assigned and the proof depends chiefly on the evidence of the assignor, *held* that, inasmuch as in an action at law the assignor would not be a competent witness for the claimant, it was proper for the Surrogate to dismiss the petition, leaving the alleged creditor to his action.

The code of procedure does not apply to proceedings in surrogates' courts, further than has been expressly provided therein. In the first part, surrogates' courts are enumerated in the 9th class of courts of justice; and the second part relates only to civil actions. The 471st section declares that the second part shall not affect proceedings upon mandamus or prohibition, nor appeals from surrogates' courts, nor any special statutory remedy not heretofore obtained by action. Proceedings in surrogates' courts are not actions, but are special statutory proceedings.

S. E. SWAIN, *for claimant.*
W. SILLIMAN, *for executrix.*

THE SURROGATE. This is an application on the part of an alleged creditor, for the payment of a debt. The claim was controverted, and in order to sustain it, the petitioner depended chiefly upon the evidence of the assignor of the

demand, the party with whom, it is insisted, the testator contracted the debt. This evidence was objected to, on the ground that the assignor was an incompetent witness under section 399 of the code, which declares that " When an assignor of a thing in action or contract, is examined as a witness on behalf of any person deriving title through or from him, the adverse party may offer himself as a witness to the same matter in his own behalf, and shall be so received. But such assignor shall not be admitted to be examined in behalf of any person deriving title through or from him, against an assignee or an *executor or administrator*, unless the other party to such contract or thing in action whom the defendant or plaintiff represents, is *living*, and his testimony can be procured for such examination." I do not think this objection well taken, for the reason that the code of procedure does not apply to proceedings in surrogates' courts, any further than has been expressly mentioned. Nothing has been enacted in the first part of the code relative to surrogates' courts, except simply the enumeration of them in the 9th class of the courts of justice of this State. The second part of the code relates only to civil actions; and by section 471, it is expressly provided that the second part of the code shall not " affect proceedings upon mandamus or prohibition, nor appeals from surrogates' courts, nor any special statutory remedy not heretofore obtained by action." Proceedings before surrogates were not actions previous to the code, but special statutory proceedings, and they are, therefore, expressly exempted from the operation of the code. While I am clear on this point, I am satisfied, however, that the present application ought to be dismissed, in the exercise of the discretion reposed in me by the statute authorising the surrogate to direct the payment of a debt. There is no hardship in turning the petitioner over to his action at law. His claim is disputed, and forms a very proper subject for the usual forum of a civil action. By coming before me, he escapes the application of a rule of evidence

designed to meet a class of cases precisely like this—a rule which is the general law in all the usual channels of justice, which is most wise and salutary in its nature, and is especially applicable to proceedings against the estates of deceased persons. The original scope of the code embraced all the tribunals of the State, but the execution of the plan has not yet reached the course of procedure in the surrogate's court. But the principle of the provision against permitting the assignor of a chose in action to be a witness in establishing the demand, when the other party to the contract is dead, has received the sanction of the legislature. While, therefore, I cannot apply this provision to controversies before me, still I am so far bound to respect the policy and principles of the code, as to send the suitor to the courts of justice where claims like his are ordinarily tried, and where he will have the general law of the land applied to his case. I think the executor may justly claim this, for the reason that he cannot have that law applied here. Without passing upon the merits of the demand, therefore, I must dismiss the application, and without costs to either party.